CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
FEB 18 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ANGELA C. HOWELL-NEWSOME | ) |
| | ) Civil Action No. 5:09CV00035 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By:  Hon. Glen E. Conrad |
| | )       United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Angela C. Howell-Newsome, was born on March 5, 1976, and eventually completed the tenth grade in school. Mrs. Howell-Newsome has been employed as a cashier, waitress, production worker, custodian, and gift wrapper. She last worked in 2005. On November 4, 2005, Mrs. Howell-Newsome filed an application for supplemental security income benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on January 1, 2005 due to a ruptured disc in her lower back and fluid retention. She now maintains that she has remained disabled to the present time.

Plaintiff's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated July 24, 2007, the Law Judge also determined that Mrs. Howell-Newsome is not disabled. The Law Judge found that plaintiff suffers from a back disorder and morbid obesity with fluid retention. Despite these problems, the Law Judge ruled that plaintiff retains sufficient functional capacity for light work activity. After considering testimony from a vocational expert, the Law Judge found that Mrs. Howell-Newsome remains capable of performing several of her past relevant work roles. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to supplemental security income benefits. See 20 C.F.R. § 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Howell-Newsome has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence.[1] Mrs. Howell-Newsome suffers from degenerative disc change and disc protrusion in the lumbar spine, as well as morbid obesity and fluid retention in her extremities. The medical record is limited. Dr. Wayne McNett, plaintiff's treating physician, and another physician in practice with Dr. McNett, have submitted office notes and testing results. Dr. McNett has also submitted an overall assessment of plaintiff's residual functional capacity. The record also includes assessments by nonexamining physicians who reviewed the medical evidence at the behest of the Disability Determination Services. Stated succinctly, Dr. McNett believes that Mrs. Howell-Newsome is totally disabled for all forms of work activity. Indeed, in his assessment given on July 17, 2006, Dr. McNett opined that plaintiff suffers from a listed impairment under Rule 4.11 of Appendix I to Subpart P of the Administrative Regulations Part 404, on the basis of extensive brawny edema.[2] The state agency physicians agree that plaintiff suffers from degenerative disease process and a small protruding disc in her lower back, as well as fluid retention. However, in separate reports, two state agency physicians concluded that Mrs. Howell-Newsome does not suffer from a listed impairment and that her physical impairments are not so severe as to prevent light levels of exertion. At the time of the administrative hearing in this case, on June 7, 2007, a vocational expert opined that Mrs. Howell-Newsome could perform several of her past relevant work roles under the residual functional capacity findings of the state

---

[1] The administrative record submitted by the Commissioner for review by the court is of poor quality. The court believes, however, that the record as submitted, and as supplemented by the memoranda tendered by the parties, is sufficient for a meaningful disposition of plaintiff's case.

[2] If claimant suffers from a listed impairment under Appendix I, the claimant is deemed to be disabled for all forms of substantial gainful activity without consideration of factors such as age, education, and prior work experience. See 20 C.F.R. § 416.920(d).

agency physicians, but that she would be totally disabled under Dr. McNett's findings or if her testimony is given full credit. (TR 357-60).

The Administrative Law Judge adopted the findings and assessments of the state agency physicians. The Law Judge essentially discredited Dr. McNett's assessment and opinion, finding that the treating physician's office notes over a period of several years simply fail to document the existence of clinical manifestations of disabling brawny edema, obesity, or musculoskeletal dysfunction.

After a review of the record, the court is constrained to conclude that there is substantial evidence to support the Commissioner's finding that Mrs. Howell-Newsome does not suffer from a listed impairment under Appendix I or, for that matter, a combination of impairments which meet a listing. It is well settled that the claimant carries the burden to establish that her medical impairments are so severe as to meet or equal a listing. Sullivan v. Zebley, 493 U.S. 521, 530-31 (1990). The determination as to the existence of a listed impairment is an objective assessment; the existence of such an impairment, or combination of impairments, must be documented by medical evidence. Id. In this case, the court agrees that Dr. McNett's clinical notes simply do not support a finding that plaintiff's degenerative disease process, protruding disc, or chronic edema have proven to be of such severity and persistence as to meet or equal any listing. Indeed, the court believes that the Administrative Law Judge correctly observed that many of plaintiff's symptoms have proven subject to control through conservative medical intervention. (TR 26).

For similar reasons, the court believes that the Law Judge's rejection of Dr. McNett's opinion that plaintiff is totally disabled for all forms of work is supported by substantial evidence. It is well settled that the Commissioner is not bound by opinions, even from a treating physician, that a

claimant is totally disabled. See 20 C.F.R. § 416.927(e)(1). In this case, as previously noted, Dr. McNett's treatment notes are simply not descriptive of disabling symptoms of musculoskeletal dysfunction, obesity, or chronic edema. There is no indication that plaintiff's lower back condition has progressed to a disabling level of severity. No physician has suggested a need for surgical intervention for correction of plaintiff's protruding disc. As for plaintiff's obesity and edema, there is no evidence of heart disease or chronic venous insufficiency. Moreover, plaintiff's edema has proven subject to some control through administration of diuretics. The court believes that the evidence supports the Law Judge's determination that Dr. McNett's opinion as to plaintiff's total disability is not supported by his own clinical notes and observations.

On the other hand, the court is unable to conclude that the medical record supports the notion that plaintiff is capable of a full range of light exertion. As previously noted, the Administrative Law Judge specifically found that Mrs. Howell-Newsome suffers from a back disorder and morbid obesity with fluid retention. At the time of the administrative hearing, plaintiff testified that she is unable to stand for any length of time because of the swelling in her legs. (TR 345). She became unable to perform her past jobs because of the standing and lifting involved in those work roles. (TR 348-50). The swelling and pain become severe if she attempts to stand for a long period. (TR 351). She testified that it is necessary for her to keep her legs propped up for at least a half a day in order to control her swelling. (TR 351). Her daughter helps her do cooking, vacuuming, and cleaning. (TR 354).

The court agrees that the symptoms described by Mrs. Howell-Newsome are such as to prevent the prolonged periods of standing involved in all of her past relevant work roles. The vocational expert found that all of plaintiff's past work roles were "light" in exertional requirements.

(TR 358). Under the administrative regulations, a "light" work role "requires a good deal of walking or standing" or "pushing and pulling of arm or leg controls." See 20 C.F.R. § 416.967(b). Plaintiff's testimony creates substantial question as to whether she could perform such activities. Indeed, as noted above, the vocational expert opined that plaintiff would be totally disabled if her limitations are as described in her testimony.

The court does not believe that the Administrative Law Judge's rejection of plaintiff's testimony is supported by the evidence currently of record. As noted above, the Law Judge specifically found that plaintiff suffers from back problems and morbid obesity with fluid retention. It is well settled that once the medical evidence establishes the existence of a condition which could reasonably be expected to cause the subjective limitations that a claimant alleges, the claimant's testimony may not be discredited simply because the extent of the subjective limitations is not confirmed by objective evidence. See Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Jenkins v. Sullivan, 906 F.2d 107, 109 (4th Cir. 1990). Stated differently, it would seem that the symptoms as described by plaintiff in her own testimony are not inconsistent with the existence of the severe impairments found by the Administrative Law Judge.

In this context, the court does not believe that the reports from the nonexamining state agency physicians trump those of Dr. McNett. While Dr. McNett's clinical notes may not describe impairments and symptoms which are of listing severity, he clearly noted on multiple occasions that Mrs. Howell-Newsome suffers from back problems and swelling in her extremities which affect her capacity for prolonged use of her legs and arms. As noted under the governing administrative regulations, it is generally appropriate to give greater weight to the opinions of a medical source who has actually examined a claimant than to the findings of a source who has not performed a physical

examination. See 20 C.F.R. § 416.927(d)(1). Furthermore, greater weight is to be accorded medical findings from treating sources, given the potential for a more detailed, longitudinal perspective. See 20 C.F.R. § 416.927(d)(2). In the instant case, the state agency physicians had no basis upon which to opine that the chronic swelling in plaintiff's legs and arms would not affect her performance of light work activity.

In passing, the court also notes that in this context, the Commissioner's argument that Dr. McNett's most recent reports are not descriptive of severe swelling and unrelenting physical discomfort is not persuasive. Since 2005, Mrs. Howell-Newsome has not worked. Her more recent physical symptoms must be considered in relation to the sedentary lifestyle she has now adopted, and do not necessarily give insight as to what problems she would experience if she attempted to engage in the light work roles envisioned by the Law Judge and vocational expert. Clearly, Dr. McNett is best placed to offer insight as to how the performance of light work would affect plaintiff's physical symptoms. For purposes of the inquiry at the fifth step of the sequential disability analysis, the Law Judge's rejection of Dr. McNett's assessment, and the Law Judge's reliance on the reports of the state agency physicians, are not supported by substantial evidence.

In summary, the court finds substantial evidence to support the Law Judge's determination that Mrs. Howell-Newsome does not suffer from a listed impairment, and that she is not disabled for all forms of exertional activity. However, the court finds that plaintiff has met the burden in establishing that she is no longer able to engage in a full range of light exertion. The court finds "good cause" for remand of this case to the Commissioner for further consideration as to whether plaintiff retains sufficient functional capacity for sedentary exertion, and if she does, whether there

are specific sedentary work roles which she could perform on a regular and sustained basis.[3] The court believes that it would be helpful for the Commissioner to refer plaintiff for consultative evaluation by an independent physician, who might offer additional insight as to the extent to which plaintiff's edema and back problems would be aggravated by the performance of sedentary work roles, and whether there is a medical necessity for plaintiff to elevate her legs during a workday.

An order remanding this case to the Commissioner will be entered this day. If the Commissioner is unable to decide this case in plaintiff's favor on the existing record, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. The Clerk shall send certified copies of this opinion to all counsel of record.

DATED this 1st day of February, 2010.

United States District Judge

---

[3] The Administrative Law Judge did not ask the vocational expert any hypothetical questions premised on the existence of residual functional capacity for sedentary exertion.

8